SILL JONES *v.* THEODORE DAVIESS et al.

Principal and Surety — Indulgence — Renewal — Novation — Defense — Bill of Exceptions — Issual of Execution — Levy — Indemnifying Bond — Submission — Amended Petition — Notice.

That Jones indulged Thompson from time to time and permitted him to renew his paper is made out, but this was a defense which should have been made to the suit on the note.

It is the duty of the clerk issuing an execution to indorse his release of the surety, because the bond and execution gives him the data to act upon.

Waiving the question of issuing the execution within a year, it is quite evident that the statute applies only to sureties on the bond and not to a principal therein.

The case was submitted November 14, 1854, for trial. yet without notice Daviess was permitted to file an amended petition setting up a novation, which was a new cause of action; and without process thereon, a confession of the amended petition was taken. *Held*, that this was error; the Civil Code gives to courts a larger discretionary power to commit amendments, but it was not intended to give unlimited power. No alteration by pleadings or proof should be allowed after submission without notice.

If a plaintiff by his own conduct, either through carelessness or for profit, should injure the surety, the law will generally release him, but it never intended to force an execution plaintiff into extreme remedies to make the money out of the principal in order to save the surety.

APPEAL FROM MERCER CIRCUIT COURT.

April 19, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence clearly establishes that P. B. Thompson, Daviess' principal, was largely and notoriously insolvent when the note for $200 was executed by them to Jones, September 27, 1858, and that he has so continued down to the rendering the judgment appealed from; it is true that occasionally he may have had property subject to execution out of which a few hundred dollars could have been made by extraordinary diligence, but this was generally so covered up that neither of the sheriffs who have testified in this case would levy upon it without an indemnifying bond.

That Daviess knew his situation when he went Thompson's security must be inferred from the evidence.

That Jones indulged Thompson from time to time and permitted him to renew his paper by paying 12 per cent. per annum interest is sufficiently made out, but still this was a defense which could and should have been made to the suit of Jones against Thompson and Daviess on the note, and having failed to do so, the judgment cannot be modified by subsequent equitable proceedings under section 14, Civil Code.

The case of Dorsey v. Reese, 14 B. Mon. 157, was decided on the Code as it stood before this section 14 was enacted, as an amendment thereto, consequently, cannot apply to its provisions. Waiving the question whether the failure to issue an execution by the plaintiff for a year means a year from the return day of one execution until the date of another, or a year between the dates of the execution, according to section 11, chapter 97, 2 Rev. Stat. 400, it is quite evident that the language of this statute applies only to the *surety in the bond,* and not to a principal therein, although he may have only been a security in the original debt. It is. the duty of the clerk issuing the execution to indorse the release of the security in such cases, because the bond and executions give him the data to act upon, and it is only when the record furnishes such that he can make the indorsement; he cannot go outside of the bond and executions to inquire whether a defendant in the execution replevied was only a surety for the debt, November 14, 1864; the cause was submitted for trial as appears by order, yet without any notice or it appearing from the record that Jones and his counsel had any notice thereof Daviess was permitted to file an amended petition setting up a novation which was entirely a new cause of action, and without process thereon or notice of any kind or it appearing from record that he knew of this amended petition of a subsequent order of submission was made May 8, 1866, and on the 22d of the month judgment was rendered in which a confession of said amended petition is taken.

Even under the liberal provision of section 161, Civil Code, giving to courts very large discretionary power in the furtherance of justice to permit amendments, it was not intended to give unlimited power when the amendment charged substantially the claim or defense.

The impartial administration of justice requires that parties

may rely as implicitly that the pleadings are ended as that the taking of proof is closed on the submission of a suit in equity; and before either party should be allowed to amend their pleadings or introduce further proof the adverse party should have notice and if objection is made or good cause shown, upon the submission of a Chancery suit the parties may well cease a vigilant watching of their adversaries, relying that the case will be disposed of on the then presentation and strictly guarded by the integrity of the court to whose care and for whose judgment it is submitted, and before any alteration by pleadings or proofs should be allowed to either the adverse party should have notice that he may show cause against it.

It was erroneous to allow the last amended petition to be filed, and more so to take it for confessed, especially as the evidence in the case does not sustain its allegations; but from all the evidence and circumstances it may reasonably be inferred that Thompson agreed with Jones to arrange the debt by executing a new note with additional security and by paying him perhaps usurious interest; but as Jones directed the sheriff to enter the credit for the $166.60 when he authorized the return of the execution it can scarcely be inferred he had taken any part of it as usurious interest in consideration of future indulgence.

As Daviess was responsible to Jones for the debt and his execution could at any time be levied on Daviess' property there could be no reason why he should urge the sheriff to levy on property the ownership of which might be doubtful and much less reason why he should incur liability by executing an indemnifying bond.

Daviess being responsible there would be more reason why he should require such levy and execution of such bond.

If a plaintiff by his own conduct either through carelessness or for profit should injure the security the law will generally release him, but it never intended to force an execution plaintiff into extreme remedies to make the money out of the principal in order to save the security, for he has as much right to resort to the security as to the principal, and it is only where he by some improper conduct has injured the security that the latter can ask a release from responsibility.

For these errors the judgment is reversed with directions to the court below to dismiss the plaintiff's petition and amendments and dissolve the injunction with damages.